(No. 1779—

W. D. PHIPPS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1932.*

CHARLES C. LEE, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant was employed by the Department of Works and Buildings, Division of Highways, in the repair of State Route No. 16. On September 17, 1930, while engaged with other employees in carrying heavy pieces of concrete off the highway he became very ill and was taken to a hospital. There it was discovered that he was suffering from a traumatic abscess in the abdominal cavity. He was operated upon September 20th and remained in the hospital until the first of November following when he was taken to his home. After going home he was confined to his room for about thirty days, and says he was not able to work until about the first of July.

His average weekly earnings for the year previous to his injury was $19.23, and he contends that he was totally incapacitated for work for 38 weeks. His medical bill was $172.25 and his hospital bill $261.50. These charges it is admitted are reasonable and have not been paid by the State. It is also conceded that his injury arose out of and in the course of his employment.

Section 3 of the Workmen's Compensation Act provides that the provisions of the Act shall apply automatically to the State when the State is engaged in business declared by the Act to be extra hazardous; and Paragraph 1 of Section 3 declares that the erection, maintaining, removing, remodeling, altering or demolishing of any structure to be extra hazardous. We have held in a number of cases that the construction or repair of a State paved highway is a structure within the meaning of this Act. (*Van Hoorbeke* vs. *State,* 5 Ct. Cl. 337; *Connole* vs. *State,* 6 Ct. Cl. 477.)

Section 8(a) of the Act provides that the employer shall provide the necessary medical, hospital and surgical services reasonably required to cure or relieve the injury of the employee. Section 8(b) provides that the employee shall be paid one-half of his weekly earnings for the period he is totally incapacitated, which was 38 weeks. Upon that basis his compensation is the sum of $365.18. He is also entitled to be paid his medical and hospital bills which added to his compensation makes the sum of $798.93.

Claimant insists that he is also entitled to be paid $7.50 per week for six weeks on account of partial incapacity. There is no evidence in the record upon which that claim can be sustained.

It is therefore ordered that claimant be and he is hereby awarded the sum of $798.93.